UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAYJUAN TREVION-WAYNE FLETCHER,<br><br>                    Plaintiff,<br><br>       v.<br><br>M. ADSUEI et al.,<br><br>                    Defendant. | CASE NO. 2:24-cv-00925-TL-BAT<br><br>**ORDER GRANTING MOTION TO STAY PROCEEDINGS, DKT. 16.** |

On June 4, 2024, Plaintiff filed a civil rights complaint alleging Defendants used excessive force. Dkt. 1. On December 19, 2024, Defendants moved to stay proceedings or be relieved from the Court's "meet and confer" requirements on the grounds: (1) the facts underlying Plaintiff's excessive force complaint are the same facts underlying Plaintiff's pending criminal charges in the King County Superior Court for Custodial Assault, and (2) Plaintiff's Fifth Amendment rights make it potentially impossible for Defendant to "meet and confer" with Plaintiff or engage in civil discovery. The motion was noted for January 6, 2025 for the Court's consideration. Plaintiff filed no response to Defendants' motion.

The Court having considered the motion to stay and the record, **GRANTS** Defendant's motion to stay proceedings for the reasons below. Dkt. 16.

This Court has discretionary power to stay proceedings before it. *See Landis v. N. Am.*

*Co.*, 299 U.S. 248, 254 (1936) (Court has inherent power to control cases on its docket). To determine whether to grant a stay of proceedings, the Court considers three factors[1] First, the harm that a stay might cause. Here, staying proceedings will not harm Plaintiff. Plaintiff's civil rights case will not be prejudicially delayed because the state criminal charges that Plaintiff presently faces were filed on July 22, 2024. The state criminal charges should resolve far more quickly than this civil rights matter.

Second, the Court considers the hardship or inequity Defendants may suffer if a stay is not granted. Defendants contend it cannot communicate with Plaintiff or engage in meaningful discovery because his civil rights suit involves the same facts as his pending criminal case. This is a hardship with no good solution and accordingly this factor favors Defendants.

And third, whether a stay would simplify or complicate the issues, proof, and questions of law. The outcome of Plaintiff's criminal prosecution will greatly simplify the case pending before this Court because the facts regarding the claim Plaintiff alleges in this case will be developed, presented in his state criminal trial, and decided by a jury.

For the foregoing reasons the Court ORDERS:

(1) Defendants' motion to stay proceedings, Dkt. 16, is GRANTED, and this matter is stayed pending the outcome of Plaintiff's criminal trial. Because this matter is stayed, the Court strikes the deadlines set forth in the Court's pretrial scheduling order, Dkt. 13, and the parties will not engage in discovery while this case is stayed. Once, Plaintiff's pending criminal case is resolved, the Court will issue a new scheduling order.

(2) Defendant shall file a status report every ninety (90) days apprising the Court of the status of Plaintiff's pending criminal case.

---

[1] *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir.2005).

(3) If Plaintiff's criminal case is resolved, Defendant shall immediately notify the Court of the outcome of Plaintiff's criminal case, and whether is any reason <u>not</u> to lift the stay of Plaintiff's civil case herein.

(4) The clerk shall provide copies of this order to the parties, and the assigned United States District Judge.

DATED this 6th day of January, 2025.

BRIAN A. TSUCHIDA
United States Magistrate Judge