1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8    TAYJUAN TREVION-WAYNE
FLETCHER,
9                                          CASE NO. 2:24-cv-00925-TL-BAT
                    Plaintiff,
10                                         **REPORT AND**
                                           **RECOMMENDATION**
        v.
11
     M. ADSUEI et al.,
12

13        On June 14, 2024, while Plaintiff was a King County Jail detainee, he filed a § 1983

14   complaint alleging King County Jail Defendants violated his Eighth Amendment rights on May

15   17, 2024, by using excessive force against him. Plaintiff is now serving a criminal sentence at the

16   Washington Corrections Center.

17        On October 17, 2025, Defendants moved for summary judgment on the grounds Plaintiff

18   failed to exhaust his administrative remedies, and because the complaint fails to state a claim

19   upon which relief may be granted. Dkt. 25.[1] Defendant's summary judgment motion was noted

20   for November 14, 2025. Plaintiff has not responded to the motion.

21

22

23

---

[1] Defendants also filed a *Rand* warning advising Plaintiff his case will be dismissed if summary judgment is granted; the *Rand* warning also advised Plaintiff what he must do to oppose the motion. Dkt. 29.

REPORT AND RECOMMENDATION - 1

1    The Court having considered the summary judgment motion, supporting declarations and

2    the record recommends the motion be **GRANTED** and the case be **DISMISSED** with prejudice.

3                                                **DISCUSSION**

4           **A.      Summary Judgment Standard**

5           The Court should grant summary judgment when the "movant shows that there is no

6    genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

7    law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

8           The moving party has the initial burden of showing "that there is an absence of evidence

9    to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

10   Where the moving party does not have the burden at trial, it can meet its initial burden by

11   presenting evidence negating an essential element of the nonmoving party's case, or by

12   establishing the nonmovant lacks sufficient evidence to satisfy its burden at trial. *Nissan Fire &*

13   *Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Where the

14   moving party has the burden at trial, it can meet its initial burden by presenting evidence

15   sufficient to demonstrate that no reasonable trier of fact could find for the nonmoving party; the

16   evidence presented must establish beyond controversy every essential element of the claim.

17   *Southern California Gas. Co. v. City of Santa An*a, 336 F.3d 885, 888–89 (9th Cir. 2003).

18          If the moving party meets its initial responsibility, the burden then shifts to the

19   nonmoving party to show a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v.*

20   *Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986). A genuine dispute exists if the evidence

21   shows a "reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at

22   258. Material facts are those which might affect the outcome of the suit under governing law. *Id*.

23   A mere scintilla of evidence cannot create a factual dispute. *Id*. at 252. Likewise, the nonmoving

REPORT AND RECOMMENDATION - 2

1  party cannot "defeat summary judgment with allegations in the complaint, or with unsupported

2  conjecture or conclusory statements." *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112

3  (9th Cir. 2003).

4      Allegations based merely on the Plaintiff's belief are not enough to oppose summary

5  judgment, as are unsupported conjecture and conclusory statements. *Id.*; *McElyea v. Babbitt*, 833

6  F.2d 196, 197–98 n.1 (9th Cir. 1987). In ruling on a motion for summary judgment, the Court

7  must draw all reasonable inferences in favor of the nonmoving party, *Matsushita Elec. Indus.*

8  *Co.*, 475 U.S. at 587, and may not weigh the evidence or make credibility determinations,

9  *Anderson*, 477 U.S. at 248.

10      Where, as here, the nonmoving party fails to respond to the summary judgment motion,

11  the Court cannot grant the motion automatically. *Heinemann v. Satterberg*, 731 F.3d 914, 916

12  (9th Cir. 2013) ("[A] motion for summary judgment may not be granted based on a failure to file

13  an opposition to the motion."); Local Rules W.D. Wash. LCR 7(b)(2). Rather, the Court can

14  grant summary judgment only if "the motion and supporting materials—including the facts

15  considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3); *see*

16  *Heinemann*, 731 F.3d at 916. A fact may be considered undisputed at summary judgment if it is

17  raised in an unopposed motion. Fed. R. Civ. P. 56(e)(3); *Heinemann*, at 916.

18      **B.      Mandatory Exhaustion Requirement**

19      Summary judgment in favor of Defendants should be granted because there is no dispute

20  Plaintiff failed to exhaust his administrative remedies at the King County Jail before bringing

21  this action. Before a prisoner may bring a civil rights action under 42 U.S.C. § 1983, he or she

22  must first exhaust all available administrative remedies. Under the Prison Litigation Reform Act

23  of 1995 ("PLRA"):

REPORT AND RECOMMENDATION - 3

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion in cases covered by § 1997e(a) is mandatory. *Booth v. Churner*, 532 U.S. 731, 739 (2001). Exhaustion must be proper and complete. Thus, the mere fact a plaintiff has filed an initial grievance under a detention center's grievance policy does not satisfy the PLRA exhaustion requirement; a plaintiff must exhaust all levels of an available grievance procedure before he can initiate litigation. *See id.* at 736–41. Even when the prisoner seeks relief not available in grievance proceedings, such as money damages, exhaustion is still a prerequisite to suit. *Booth*, 532 U.S. at 741. If a claim is not exhausted, it must be dismissed. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

Failure to exhaust administrative remedies may be brought in a summary judgment motion. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014). Once the defendant proves (1) there was an available administrative remedy and (2) the plaintiff failed to exhaust the available remedy, the burden shifts to the plaintiff. To avoid dismissal, the plaintiff must then show there was something peculiar about his claim that made the "existing and generally available administrative remedies effectively unavailable to him." *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (*citing Hilao v. Est. of Marcos*, 103 F.3d 767, 778 n.5 (9th Cir. 1996)).

Here, Plaintiff filed suit against King County Jail (KCJ) employees while he was incarcerated at KCJ; he thus is subject to the PLRA's exhaustion requirement. In support of their exhaustion argument, Defendants submit a sworn declaration from the KCJ's records custodian (Ms. Williams) (Dkt. 26), which includes excerpts from the KCJ's Inmate Information Handbook describing the jail's grievance procedures. *Id.* In her declaration, Ms. Williams lays the foundation for the grievance procedures and record keeping at the KCJ.

REPORT AND RECOMMENDATION - 4

1    Ms. Williams avers Plaintiff was booked into the KCJ on June 7, 2000 and released to the

2    Washington Corrections Center on June 24, 2025. During the time Plaintiff was detained at the

3    KCJ, Ms. Williams avers he filed 21 grievances but none of the grievances relate to Plaintiff's

4    allegation his Eighth Amendment rights were violated by the use of excessive force on May 17,

5    2024. The numerous grievances Plaintiff filed reveal he was aware of and used the KCJ's

6    grievance process.

7    Upon review of this evidence and the undisputed facts, the Court finds Defendants have

8    satisfied their burden to prove that grievance procedures were available to Plaintiff at the KCJ

9    and, and although he had used those procedures while he was held at the KCJ, he did not grieve

10    the claim asserted in his complaint. The record before the Court thus establishes Plaintiff failed

11    to exhaust the administrative remedies that were available to him as to the claim he asserts in his

12    complaint.

13    Thus, the burden shifts to Plaintiff to show the KCJ's administrative procedures were

14    effectively unavailable to him for redressing the concerns he raises in this suit. Despite being

15    given ample opportunity to develop the record on this point, Plaintiff failed to respond in

16    opposition to summary judgment. As a result, he has failed to show his failure to exhaust was

17    excusable under the circumstances. Accordingly, all of Plaintiff's claims must be dismissed for

18    failure to exhaust.

19    Because failure to exhaust is case dispositive, the Court need not address Defendants'

20    additional argument for summary judgment. *See Wright v. King County*, 2018 WL 6977455 *3

21    (W.D. Wash. 2018) ("Exhaustion should be decided, if feasible, before reaching the merits of a

22    prisoner's claim.").

23

REPORT AND RECOMMENDATION - 5

Accordingly, for the reasons above, the Court recommends Defendants' motion for summary judgment be **GRANTED**, and the case be **DISMISSED** with prejudice.

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Thus, Plaintiff should not file a notice of appeal in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **December 15, 2025.** The Clerk shall note the matter for **December 19, 2025**, as ready for the District Judge's consideration if no objection is filed.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  The matter will then be ready for the Court's consideration on the date the response is due. The failure to timely object may affect the right to appeal.

DATED this 1st day of December, 2025.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6